ADA· SWITZER, Appellee, *vs.* A. A. HONN, Appellant.

*Opinion filed June 21, 1912.*

EVIDENCE—*execution of deed cannot be proved by secondary evidence unless its loss or destruction is shown.* The execution of a deed cannot be proved by secondary evidence unless the fact of the loss or destruction of the alleged deed is first proved.

APPEAL from the Circuit Court of Coles county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

T. N. COFER, for appellant.

HENLEY & HUGHES, (C. H. DOUGLAS, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Mary J. Lewis, a resident of Mode, in Shelby county, at the time of her death, on December 22, 1907, was the holder of the record title to three lots in the village of Humbolt, in Coles county. She left Ada Switzer, (the appellee,) Miranda Martin and Fanny B. Aldridge, her daughters by her first husband, William Mickey, and William C. Lewis, her son by her second husband, William Lewis, her only heirs-at-law. A. A. Honn, the appellant, was a brother of Mary J. Lewis, and after her death he obtained quit-claim deeds from Miranda Martin and Fanny B. Aldridge for their interests in the lots for considerations of $50 paid to each, and he offered $10 to William C. Lewis for his interest but the offer was declined. The appellee filed her bill for partition in the circuit court of Coles county, making appellant a defendant as owner of the interests acquired by him. By his answer he claimed the whole title to the lots by purchase from his sister, Mary J. Lewis, in 1906, and alleged that he received a deed of

conveyance of the lots from her. The issues were referred to a master in chancery, before whom the controversy was over the questions whether the alleged deed to the appellant was executed and whether it was subsequently lost. The master reported in favor of the appellee and recommended a decree for partition as prayed for in the bill. The court overruled exceptions to the master's report and entered a decree finding that there was not sufficient competent evidence to show that the alleged deed was ever executed or sufficient evidence to show that such deed was ever lost and destroyed, and ordering the partition as prayed for. From that decree this appeal was taken.

The appellant testified that the deed was executed about November 15, 1906, in consideration of $150 paid to his sister, Mary J. Lewis; that he subsequently carried it in his pocket in a wallet or pocket-folder and lost it in the grain elevator at Humbolt. The wallet or pocket-folder was black, made of leather, and about ten inches long and four inches wide, and it contained five separate pockets, each one having a flap closing it. The closed folder had a rubber band around it, which closed it tightly with all of the separate pockets. He testified that he had the deed and other papers in regard to the settling of an estate in this wallet or folder; that he was riding on a load of corn to the elevator and the wallet or folder slipped out of his pocket into the corn and was dumped into the elevator bin; that he missed the wallet or folder and asked the proprietor of the elevator to assist in finding it; that J. M. Ernst, the owner of the elevator, re-arranged the machinery and opened a trap-door at the bottom of the bin and allowed the corn to run out; that the wallet or pocket-folder came through the trap-door and was taken by the feeder and restored to the appellant; that the folder was in perfect condition, with the rubber band around it, and that all the papers were intact except the deed, which was gone. J. M. Ernst, the owner of the elevator, Frank Houck, who

was feeding the elevator, and A. T. Waters, another employee, saw the wallet or pocket-folder when it was found, and it was in perfect condition, with the rubber band around it and closed, and they so testified. The evidence was that the appellant said, when he noticed his loss, that the folder had some valuable papers in it and that he could not make some kind of a' settlement unless he could find them, but he said nothing about a deed or having lost one.

Counsel for appellant says that the master erred in rejecting, on his own motion, the testimony of the appellant because he was not a competent witness, when the objection of incompetency was waived by the appellee by failing to object when he testified. The master said in his report that the testimony of the appellant was incompetent, and that, excluding his testimony, there was no evidence to show that any deed was ever executed to him by Mary J. Lewis, and that the evidence pertaining to the alleged deed, outside of that of the appellant, which was incompetent, was not sufficient to prove the loss of the deed. The court by the decree merely found that there was not sufficient competent evidence to show that the deed was ever executed nor that the deed was ever lost or destroyed. But whether the court considered the testimony of the appellant or not, the decree was right. The evidence that a deed was made consisted alone of the testimony of the appellant, and neither the person who wrote the deed nor the officer who took the acknowledgment was produced nor his absence accounted for. But the appellant could not establish the execution of the deed by secondary evidence without first proving its loss or destruction. His testimony was that it was in one of the pockets of the wallet or folder, with each pocket closed by the flap and a rubber band around the whole. The wallet or folder did not go through the machinery or the corn sheller, but came out in perfect order through the trap-door and contained all the other papers undisturbed. It was a physical impos-

sibility that the deed could have been lost out of it. Considering the testimony of the appellant and all the evidence introduced, we can only conclude that the loss or destruction of the deed was not proved.

The decree is affirmed.

*Decree affirmed.*